SIXTEENTH SCHOOL DISTRICT, DAVIS COUNTY, RESPONDENT, *v.* BOARD OF COMMISSIONERS, DAVIS COUNTY, APPELLANT.

SCHOOL DISTRICTS—POWERS OF COUNTY COMMISSIONERS.

Under section 3, chap. 4, School Laws of Utah, in force March 11, 1897, the board of county commissioners has power to detach territory from one district and annex it to another, without a petition from the residents thereof, and without the recommendation of the county superintendent of schools.

(No. 870. Decided March 2, 1898.)

Appeal from the Second district court, Davis county. H. H. Rolapp, *Judge.*

Proceedings to change the boundaries between the Eighth and Sixteenth school districts of Davis county. On writ of review by the Eighth district against the board of county commissioners, its action was set aside, and the board appeals. *Reversed.*

*D. O. Willey, Jr.,* and *E. A. Wilson,* for appellant.

*Kimball & Kimball,* for respondent.

ZANE, C. J.:

This is an appeal from a judgment of the court below setting aside upon a writ of review an order of the county commissioners of Davis county, Utah, changing the boundaries between the Eighth and Sixteenth school districts of the county. The court found that the defendant made an order detaching from the Sixteenth and annexing to the Eighth the territory described; that it was made with-

out any petition from the residents of the territory detached, and without recommendation of the county superintendent of schools; and that it was, therefore, void. The appellant insists that the county commissioners had the power, without petition of residents of the territory, or the recommendation of the superintendent, to change the boundary whenever, in their judgment, the public welfare demanded it. The determination of the question depends upon the meaning of section 3, c. 4, School Laws of Utah, in force March 11, 1897, as follows: "The board of county commissioners of any county may create into a school district any territory not already so created, or may create a district out of a part or parts of one or more districts, upon being petitioned so to do by as many residents of such territory as have the care and custody of not less than twenty children of school age, residing therein, or upon the recommendation of the county superintendent. The board of county commissioners may change the boundaries of, divide and consolidate existing school districts. Whenever the board of county commissioners of any county shall divide, consolidate or change the boundaries of existing school districts, such board shall have the power, as an incident to such division, consolidation, or change, equitably to adjust the property rights and burdens of the several districts affected thereby, by appropriating existing school property and debts and by modifying or reapportioning taxes already voted, in such manner as the justice of the case shall in the opinion of the board demand. To accomplish the adjustment the board of county commissioners may from time to time direct necessary special taxes to be levied and collected on particular areas of districts so changed." This section contains three propositions. The subject of the first is the creation of the school districts; the subject of the second

is the changing of boundaries, and the division and consolidation of school districts; the subject of the third is the adjustment of the rights and liabilities of school districts affected by such changes. The propositions contained in the section, and their connection and relationship to each other, appear to be grammatically and logically arranged and stated. And we think the same could hardly be said of the section if the second sentence or proposition was read into the first, or the phrase, "or upon the recommendation of the county superintendent," were regarded as a part of the second sentence or proposition, and the punctuation changed accordingly. The meaning of the section as we find it appears to be clear without the changes in the punctuation and arrangement suggested. There is no room for construction. And, so reading it, we are of the opinion that the court below erred in holding the board of county commissioners exceeded its jurisdiction in making the order set aside by the judgment appealed from. The judgment is reversed with costs.

BARTCH and MINER, JJ., concur.